**Adrian SMITH, Plaintiff–Appellant,**

v.

**Officer Thomas BUTTRY; Officer Scott Bales, Individually and as Officers of the Chattanooga, Tennessee Police Department; and City of Chattanooga, Tennessee, Defendants–Appellees.**

No. 03–5201.

United States Court of Appeals, Sixth Circuit.

Sept. 7, 2004.

Charles P. Dupree, Chattanooga, TN, for Plaintiff–Appellant.

Michael A. McMahan, Lawrence W. Kelly, Chattanooga, TN, for Defendants–Appellees.

Before KEITH and CLAY, Circuit Judges; and O'MEARA, District Judge.*

OMEARA, District Judge.

Plaintiff–Appellant Adrian Smith appeals the district court's order granting

* The Honorable John Corbett O'Meara, United States District Court for the Eastern District of Michigan, sitting by designation.

the defendant-appellee police officers' motion for summary judgment on his claims brought under 42 U.S.C. § 1983 for alleged false arrest, false imprisonment, and malicious prosecution. The district court found that probable cause existed because the state grand jury returned a true bill of indictment on all criminal charges. For the reasons that follow, we will affirm the order of the district court.

## I. BACKGROUND FACTS

Early in the evening of July 22, 2000, Officer Thomas Buttry was on routine patrol in Chattanooga, Tennessee, when he observed Plaintiff/Appellant Adrian Smith blocking the roadway with his car. The officer exited his patrol car and approached Smith to ask for his license. Smith did not have his license or any other form of identification with him. Officer Scott Bales arrived on the scene to back up Buttry. When Buttry attempted to pat down Smith for a weapon, Smith struck Buttry; and Bales came to Buttry's assistance.

The officers struggled with Smith until Officer Indico arrived, and the officers took Smith into custody. A crowd had gathered during the scuffle, and Smith yelled at the bystanders, according to the officers, to incite a riot. Smith was charged with three counts of assault on a police officer and one count of inciting a riot.

A preliminary hearing was held November 27, 2000, in Hamilton County General Sessions Court. Officers Buttry and Bales testified at the hearing and were cross-examined by Smith's attorney. Although Smith had an opportunity to present evidence on his own behalf, he elected not to do so. After the hearing, the charges were bound over to the grand jury, who issued true bills for two counts of assault. Eventually, the charges were dismissed in

criminal court on June 18, 2001, for reasons that do not appear on the record.

The issues on appeal involve alleged violations of Appellant's constitutional rights under the Fifth and Fourteenth Amendments to the U.S. Constitution to be free from illegal arrest pursuant to 42 U.S.C. § 1983. Appellant also alleged pendent state law claims for false arrest, false imprisonment, and malicious prosecution. Appellees are Officers Buttry and Bales.

## II. STANDARD OF REVIEW

A district court's grant of a summary judgment motion is reviewed *de novo*. The district court is to be affirmed if the pleadings, affidavits, and other submission show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The evidence must be viewed in the light most favorable to the non-moving party. *Employers Ins. of Wausau v. Petroleum Specialties, Inc.*, 69 F.3d 98, 101 (6th Cir.1995) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)).

## III. ANALYSIS

Appellant Smith had the opportunity to test the basis for his seizure and arrest during the preliminary hearing in Hamilton County General Sessions Court on November 27, 2000. After admitting evidence and hearing argument, the court bound the case over to the grand jury on the determination of probable cause. The Hamilton County grand jury later returned a true bill on two counts of assault.

The trial court determined that the record was insufficient to determine if Smith had a fair and full opportunity to litigate the issue of probable cause at the prelimi-

nary hearing. However, the trial court properly found,

> that probable cause existed, not because of collateral estoppel, but rather because the state grand jury returned a true bill of indictment on all criminal charges brought against Smith. That the criminal charges against Smith were later dismissed does not expunge the original finding of probable cause by the grand jury. Accordingly, Smith's § 1983 false arrest, false imprisonment, and malicious prosecution claims and underlying state law claims will be DISMISSED as a matter of law.

Memorandum at 7.

"The State affords an opportunity for an accused to contest probable cause at a preliminary hearing and where the accused does so, a finding of probable cause by the examining Magistrate or State Judge should foreclose re-litigation of that finding in a subsequent § 1983 action." *Smith v. Thornburg*, 136 F.3d 1070, 1077 (6th Cir.1998) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 175 (6th Cir.1987)).

Although the trial court declined to rule on the collateral estoppel effect of the preliminary hearing, that hearing is a binding collateral estoppel to Appellant's claims of false arrest and false imprisonment. Therefore, Defendants were entitled to summary judgment on those claims, as well as the claim for malicious prosecution.

## IV. CONCLUSION

For the aforementioned reasons, we AFFIRM the district court's order granting the motion for summary judgment.